**Matter of EMPIRE WAREHOUSES, INC., Debtor.**

**No. 56 B 2539.**

United States District Court
N. D. Illinois, E. D.
Sept. 16, 1959.

Defrees, Fiske, O'Brien & Thomson, Chicago, Ill., for Empire Warehouses, Inc., Debtor.

Norman H. Nachman, Chicago, Ill., for Ivo W. Buddeke, Trustee in Bankruptcy.

Sidney Frisch, Chicago, Ill., for Live Stock National Bank of Chicago, Indenture Trustee.

Alex Elson, Arnold I. Shure, Edward Slovick, Chicago, Ill., for Committee for Independent Holders of First Mortgage Income Bonds: Daniel Anderson, Norman Asher, Edward C. Sterling.

Alfred B. Teton, Chicago, Ill., for Benjamin Rosenberg, Mortgage Bondholder.

Alster & Wald, Chicago, Ill., for Dave Polayes, Rose Polayes, Sol I. Dvorkin, Adeline P. Dvorkin, Belle Dvorkin, Mae Barker, Mortgage Bondholders.

Henry Turin, New York City, for Henry Turin and Nan Turin, Mortgage Bondholders.

Thomas B. Hart, J. Kirk Windle, Edward P. McGuire, Chicago, Ill., for The Securities & Exchange Commission.

John J. Kennelly, Robert M. Ahern, Chicago, Ill., for James J. Barrett, Margaret E. Barrett, Joseph T. Barrett et al., Bondholders; Thomas J. Cavanagh et al.

Robert B. Chatz, David Chaimovitz, Chicago, Ill., for Benjamin M. Berman, David M. Berman.

Johnson & Wiles, Walter E. Wiles, Robert G. Sippel, Chicago, Ill., for Mary A. H. Simpson, William G. Soldan, Bondholders.

Samuel F. Strong, Chicago, Ill., for Excel Wholesale Grocery Co., respondent to a Petition of the Trustee.

Michael Gesas, Leonard Gesas, Leo L. Donahoe, Chicago, Ill., for Stephanie G. Carroll, J. J. Carroll, Stockholders.

IGOE, District Judge.

This matter comes on for consideration of the various applications for fees and expenses filed by the trustee, the various attorneys and other parties in interest. Hearings were held before the undersigned in connection with these applications on July 22, 1959, and at the conclusion thereof, the court invited the SEC to file an advisory report pursuant to Section 247 of the Bankruptcy Act, 11 U.S.C.A. § 647. Such report has now been filed by the SEC and has received the carful consideration of the court.

Sixteen applications for allowances and expenses were filed and each was carefully and analytically examined by the SEC, as is evidenced by the excellent comprehensive report which it filed. The court is grateful to the SEC not only for its very helpful advisory report on the matter of the applications for allowances and expenses, but also for its invaluable assistance throughout this entire proceeding which has extended over three years. Many troublesome and complicated matters arose in this reorganization and the SEC contributed much toward their solution.

This reorganization proceeding was instituted by the debtor on June 15, 1956. The debtor was and still is engaged in the general storage and moving business. It owns and utilizes eight buildings located on the south side of Chicago. At the commencement of the proceeding, the debtor owned nine buildings, but one was claimed by public authority through eminent domain. The debtor also owns a fleet of trucks, tractors, trailers and other vehicles customarily used in the storage and moving business.

At the commencement of the reorganization proceedings, the debtor corporation owed its bondholders an aggregate balance of $2,128,200 out of an original bond issue of $2,500,000 which originated with a predecessor company in 1926. Over a period of almost 30 years, therefore, and as of the date of the commencement of these proceedings, the bonded indebtedness was reduced only $371,800. The plan that was finally approved, accepted and confirmed provides that for each $100 in principal amount of old bonds, the bondholders shall receive a new bond in the principal amount of $48, $14 in cash, one share of stock in the new corporation, and a certificate of indebtedness which it is hoped will confer additional pecuniary benefits on the bondholders. The court is informed that distribution of the cash and new securities has already been effected by the trustee.

In the course of these proceedings, the assets of the debtor were appraised by two appraisers acting separately and independently, respectively, for $1,542,256 and $1,713,256. At the conclusion of the hearings on the plan, the court found that there was no equity for shareholders in the debtor's property and assets.

The report of the SEC notes that the applications for allowances total $276,846 for services and $2,429.51 for expenses, making a total of $279,275.51. This total includes interim allowances of $7,500 and $10,000 to the trustee and his attorney, respectively. It should also be noted that there was expended with court approval during the course of the proceedings costs of administration aggregating approximately $37,000 for trustee's bond premiums, appraisers' fees and expenses, accountants' fees, printing and mailing, and other necessary expenses.

The SEC recommends allowance of total fees of $171,582.50 and expenses of $2,429.51, or an aggregate of fees and expenses of $174,012.01. This total includes the $17,500 in interim allowances already paid. The aggregate fees and expenses recommended by the SEC of $174,012.01 plus the costs of administra-

tion of $37,000 already expended, would make total allowances for fees and expenses $211,012.01. This latter total is almost 14% of the lower value of the debtor's properties at $1,542,256 and slightly more than 12% of the higher valuation of $1,713,256.

It is also pertinent to observe that the net income of the debtor for the fiscal year ending October 31, 1958, was $159,256, this net income being higher than it was for the preceding two years. In fact, the plan as finally confirmed was predicated upon estimated annual net earnings of $150,000. During the hearings before the court, the attorney for the trustee stated that the debtor required working capital between $250,000 and $275,000. This estimate the court finds to be reasonable and necessary for the efficient operations of the debtor so that it may successfully carry out the provisions of the plan.

The court occupies a rather unique position in this proceeding in that all hearings from the inception of this case were conducted before the undersigned. There was no reference of any matter to a referee in bankruptcy or to a master. Because of this, the court has personal knowledge of the nature and extent of the services rendered in court by all the applicants.

█ The court has carefully examined all the applications filed and has given due consideration to the nature of the services rendered, the time properly spent, the difficulties and complexities encountered, the ability and experience of the applicant, the results achieved, the value of the debtor's assets, the debtor's working capital requirements and other related factors and considerations. The court has also been guided by the oft-repeated principle which governs allowances in bankruptcy and reorganization cases, namely, economy in administration.

█ It is the opinion of the court that except with regard to its recommendations for the trustee and the attorneys for the bondholders' committee, the recommendations of the SEC for allowances of fees and expenses are fair, reasonable and proper. With respect to Ivo W. Buddeke, trustee, the court finds that he rendered extremely valuable and loyal services to this estate and the bondholders during a period of more than three years and that the reasonable value of his services is $36,000. With respect to Arnold I. Shure, Alex Elson and Edward Slovick, attorneys for the independent bondholders' committee, the court finds that they rendered valuable services to this estate and the bondholders and that the reasonable value of their services is $28,000. In all other respects, the court adopts the recommendations of the SEC.

It is therefore ordered that the following allowances for fees and expenses be and they hereby are fixed and ordered paid by Ivo W. Buddeke, trustee, to the following persons in the amounts set opposite their respective names:

| | | |
|---|---|---|
| Ivo W. Buddeke Trustee – fee – | $36,000.00 | |
| Less interim allowance | 7,500.00 | $28,500.00 |
| | | |
| Norman H. Nachman, attorney for trustee – fee – | $50,000.00 | |
| Less interim allowance | 10,000.00 | 40,000.00 |
| | | |
| Defrees, Fiske, O'Brien, Thomson & Simmons, attorneys for debtor – fee – | $25,000.00 | |
| expenses – | 153.72 | 25,153.72 |

Daniel Anderson, Norman Asher and Edward C. Sterling, members of independent bondholders committee          expenses –                          $570.45

Berman & Hirsch, committee accountants – fee –                          1,000.00

Newton C. Farr, committee appraiser – fee –                     $2,000.00
          expenses -                           254.05          2,254.05

Arnold I. Shure, Alex Elson and Edward Slovick, attorneys for independent bondholders' committee – fee –              28,000.00
          expenses –                         1,251.29         29,251.29

Arthur R. Foss, committee tax counsel – fee –                                         700.00

Sidney Frisch, attorney for indenture trustee – fee –                 8,000.00
          expenses –                            200.00          8,200.00

The Live Stock National Bank of Chicago, indenture trustee – fee –                                            5,382.50

Alster and Wald, attorneys for certain bondholders – fee –                           5,000.00

Robert B. Chatz and David Chaimovitz, attorneys for certain bondholders – fee –                               4,500.00

John J. Kennelly and Robert Ahern, attorneys for certain bondholders – fee –                               6,000.00

Walter E. Wiles, attorney for certain bondholders – fee –                           4,500.00

Alfred B. Teton, attorney for certain bondholders – fee –                           8,500.00

Leo L. Donahoe, Michael Gesas and Leonard Gesas, attorneys for certain stockholders – fee –                       1,000.00

It is further ordered that of the total allowance of $36,000 to Ivo W. Buddeke, trustee, $27,000 is hereby fixed as and for services rendered by him to the debtor corporation in the regular operation and management of its business, and $9,000 is hereby fixed as and for services rendered by him in connection with the reorganization of the debtor.

It is further ordered that of the total allowance of $50,000 to Norman H. Nachman, attorney for the trustee, $17,500 is hereby fixed as and for services rendered by him to the debtor corporation in connection with its regular operations and management of its business, and $32,500 is hereby fixed as and for services rendered by him in connection with the reorganization of the debtor.

It is further ordered that except for the attorney for the trustee, the allowances hereinabove fixed shall be in full payment for all services rendered or which may hereafter be rendered by said applicants. With regard to the attorney for the trustee, the court hereby reserves for future determination such application as may be filed by him for additional compensation for services rendered subsequent to June 21, 1959. Any such application of the attorney for the trustee shall be considered at a hearing upon notice as required by Section 247 of the Bankruptcy Act.

It is further ordered that Ivo W. Buddeke, trustee herein, be and he hereby is authorized and directed to pay the fees and expenses as in this order fixed and allowed.

Attached hereto and made part hereof is an appendix setting forth the various applications, the recommendations of the SEC and the allowances made in this order.

APPENDIX

In the Matter of Empire Warehouses, Inc.

Case No. 56 B 2539

Appendix Attached To Order Dated September 16th, 1959.

| Applicant | Amounts Requested | SEC's Amounts Recommended | Amounts Allowed |
|---|---|---|---|
| Ivo W. Buddeke, Trustee (interim allowance of $7,500 included in allowance of $36,000) Fee | $ 40,000.00 | $ 25,000.00 | $ 36,000.00 |
| Norman H. Nachman, Attorney for Trustee (interim allowance $10,000 included in allowance of $50,000) Fee | 55,000.00 | 50,000.00 | 50,000.00 |
| Defrees, Fiske, O'Brien, Thomson & Simmons, Attorneys for Debtor Fee | 40,000.00 | 25,000.00 | 25,000.00 |
| Expenses | 153.72 | 153.72 | 153.72 |
| Committee for Independent Bondholders Fee | — | — | — |
| Expenses | 570.45 | 570.45 | 570.45 |
| Berman & Hirsch, Committee Accountants Fee | 4,241.00 | 1,000.00 | 1,000.00 |

| Applicant | | Amounts Requested | SEC's Amounts Recommended | Amounts Allowed |
|---|---|---|---|---|
| Newton C. Farr, Committee Appraiser | Fee | $2,000.00 | $2,000.00 | $2,000.00 |
| | Expenses | 254.05 | 254.05 | 254.05 |
| Arnold I. Shure, Alex Elson and Edward Slovick, Attorneys for Committee | Fee | 45,000.00 | 25,000.00 | 28,000.00 |
| | Expenses | 1,251.29 | 1,251.29 | 1,251.29 |
| Arthur R. Foss, Committee Tax Counsel | Fee | 700.00 | 700.00 | 700.00 |
| Sidney Frisch, Attorney for Indenture Trustee | Fee | 18,500.00 | 8,000.00 | 8,000.00 |
| | Expenses | 200.00 | 200.00 | 200.00 |
| The Live Stock National Bank of Chicago, Indenture Trustee | Fee | 5,382.50 | 5,382.50 | 5,382.50 |
| Alster and Wald, Attorneys for certain bondholders | Fee | 11,000.00 | 5,000.00 | 5,000.00 |
| Robert B. Chatz and David Chaimovitz, Attorneys for certain bondholders | Fee | 14,000.00 | 4,500.00 | 4,500.00 |
| John J. Kennelly and Robert Ahern, Attorneys for certain bondholders | Fee | 18,780.00 | 6,000.00 | 6,000.00 |
| Walter E. Wiles, Attorney for certain bondholders | Fee | 6,742.50 | 4,500.00 | 4,500.00 |
| Alfred B. Teton, Attorney for certain bondholders | Fee | 10,500.00 | 8,500.00 | 8,500.00 |
| Leo L. Donahoe, Michael Gesas and Leonard Gesas, Attorneys for certain stockholders | Fee | 5,000.00 | 1,000.00 | 1,000.00 |
| Total | | $279,275.51 | $174,012.01 | $188,012.01 |